[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15951
_____

D.C. Docket No. 1:10-cv-24616-CMA


JUAN SANTANDREU,

                                                        Plaintiff - Appellant,

versus

MIAMI DADE COUNTY,
Stephen P. Clark Center
Miami-Dade County Attorney
111 NW 1st St
Miami, FL 33128,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 21, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Juan Santandreu appeals from an order granting partial summary judgment and a final order of judgment as a matter of law in favor of Miami Dade County ("County"), in an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  On appeal, Santandreu argues that the district court erred by dismissing, as a matter of law, his disability and retaliation claims.  Specifically, he argues that the County improperly denied him reasonable accommodations—including additional leave or a transfer to a vacant position— and that the County retaliated against him by drafting a proposed Disciplinary Action Report ("DAR").  At the end of the day, Santandreu's claims fail because he is unable to show that he was capable of performing any job duties, even with accommodations.

## I.

From 2002 to 2007, Santandreu was employed as an engineer in the County's Water and Sewer Department.  In 2004, Santandreu was diagnosed with high blood pressure, sleep apnea, depressive disorder, and generalized anxiety disorder.  Based on his conditions, Santandreu was instructed to refrain from stressful activities.  Accordingly, Santandreu requested medical leaves of absence from work.

Santandreu was on medical leave from January 2006 until May 2007.  Specifically, in January 2006, Santandreu requested a leave of absence due to

"illness," and the County approved the request. Santandreu was then given an extension until March 25, 2006. Prior to Santandreu's leave expiring, he requested an extension to July 25, 2006. When this leave period was about to expire, Santandreu again requested an extension, this time until January 25, 2007. Finally, in January 2007, Santandreu submitted another request for leave, which the County granted until May 4, 2007.

On May 1, 2007, the County sent Santandreu a letter, advising him that he was required to return to work on May 5, 2007. Santandreu did not return to work, but advised the County on May 15, 2007, that his leave of absence should be extended until July 25, 2007. The County responded that Santandreu had exhausted his leave and that his employment would be terminated if he did not return to work or voluntarily resign.

Subsequently, on June 15, 2007, the County sent Santandreu a proposed Disciplinary Action Report ("DAR") for failing to return to work. In lieu of receiving or opposing the DAR, Santandreu voluntarily resigned via email on June 21, 2007, explaining that his health conditions would not allow him to work. However, four days later, Santandreu attempted to rescind his resignation. The County denied his request.

On August 12, 2007, Santandreu filed a charge with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Rights,

3

claiming he was discriminated against based on a "disability." Santandreu then filed a complaint in Florida state court, which the County removed to federal court. In that complaint, Santandreu alleged disability discrimination and retaliation in violation of the ADA and Florida Civil Rights Act.

After deposing Santandreu, the County moved for summary judgment on the grounds that it was not initially aware that Santandreu was disabled and that he was not discharged but voluntarily resigned. The district court partially granted the County's motion for summary judgment, finding, among other things, that Santandreu voluntarily resigned. However, the court held that there was a question of fact as to whether: (1) the County was aware Santandreu was disabled; (2) the County should have provided additional leave as an accommodation; and (3) the County retaliated against him by issuing a proposed DAR.

At trial, after Santandreu rested, the County moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. The district court granted the County's motion, finding that Santandreu had failed to produce sufficient evidence to show that additional leave would have enabled him to return to work within a reasonably definite period of time. The court further held that Santandreu's retaliation claim was outside the scope of the EEOC charge and that he had not suffered any adverse employment action because he had voluntarily resigned before the proposed DAR became part of his record. This appeal follows.

4

## II.

We review an order granting a motion for summary judgment *de novo*. *Holloman v. Mail-Well Corp*, 443 F.3d 832, 836 (11th Cir. 2006) (citation omitted). Similarly, we review a district court's grant of a "motion for judgment as a matter of law *de novo*, considering only the evidence that may properly be considered and the reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Rossbach v. City of Miami*, 371 F.3d 1354, 1356 (11th Cir. 2004) (citation omitted).

## III.

We first address Santandreu's claim that he was entitled to reasonable accommodations under the ADA. Specifically, Santandreu argues that the County should have provided additional leave or a transfer to a vacant position. We disagree.

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to" any of the "terms, conditions, and privileges of employment." 42 U.S.C. §§ 12112(a). For a plaintiff to demonstrate a prima facie case of disability discrimination under the Act, he must prove: "(1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000) (citation omitted).

5

In the present matter, the second element is determinative. "A 'qualified individual with a disability' is an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Id.* (quoting 42 U.S.C. § 12111(8)). "The plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001) (citations omitted). An employer must provide reasonable accommodations unless those accommodations would cause an undue hardship on the employer. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998) (citations omitted).[1]

While a leave of absence may be a reasonable accommodation, the ADA does not require an employer to provide leave for an indefinite period of time because an employee is uncertain about the duration of his condition. *Duckett v. Dunlop Tire Corp.*, 120 F.3d 1222, 1226 (11th Cir. 1997); *see also Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003) (ruling a request for an indefinite leave of absence was unreasonable because "[t]he ADA covers people who can perform the essential functions of their jobs presently or in the immediate future.").

---

[1] Santandreu argues that being regarded as disabled can obligate an employer to provide accommodations. However, being regarded as having a disability goes to the first element. *See* 42 U.S.C. § 12102(1) (defining disability as an actual disability, a record of disability, or being regarded as having such a disability). Because the issue of qualified individual is determinative, we need not address this argument.

6

In the instant case, Santandreu never demonstrated that he would be able to return to work within a reasonable time.  Santandreu had already taken several leaves of absence, received a total of fifteen months of leave, and still had no way of knowing when his doctor would allow him to resume full-time work.  Even at the time of trial, Santandreu and his doctors attested that he still had not received medical clearance showing that he was able to work.  Because Santandreu was unable to show that he would be able to perform the essential functions of the job anytime in the reasonably immediate future, his request for additional leave was not a request for a reasonable accommodation.

For similar reasons, the County was not required to accommodate Santandreu by transferring him to another position.  Santandreu argues that the County should have granted his request for a different position, but fails to show that he was able to perform the essential duties of any position.  Since his medical condition prevented him from performing <u>any</u> <u>work</u>, Santandreu was not qualified for any alternate position.  Thus, the County did not violate the ADA by refusing to provide such an accommodation.[2]  There was, in fact, no accommodation possible based upon Santandreu's medical condition.

## IV.

---

[2]  On appeal, Santandreu also challenges the district court's evidentiary decision not to admit evidence relating to the County's practice of allowing longer medical leaves of absence and a list of vacant positions to which Santandreu could have been transferred.  We find this issue moot in view of the evidence at trial that Santandreu was not able to perform any job.  He simply failed to show that he was a "qualified individual."

7

We next address Santandreu's retaliation claim.  Santandreu argues that the County retaliated against him by issuing a proposed DAR.

"In order to establish a prima facie case of retaliation under the ADA, [the plaintiff] must show (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action."  *Standard*, 161 F.3d at 1328 (citation omitted).  An adverse employment action is any act by the employer that dissuades a reasonable employee from engaging in the protected activity.  *Burlington  N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Here, Santandreu has failed to establish that he suffered an adverse employment action.  After Santandreu had exhausted his leave, the County informed him that he had the choice of returning to work, resigning, or being terminated.  The County gave Santandreu a proposed DAR and advised him that he could respond to the proposed DAR before final action.  Nevertheless, Santandreu chose to voluntarily resign and thus did not suffer an adverse employment action.  *See Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995) ("Resignations obtained in cases where an employee is faced with such unpleasant

alternatives are nevertheless voluntary because the fact remains that plaintiff *had a choice.* [Plaintiff] could stand pat and fight." (quotation omitted)).[3]

## V.

Based on the foregoing discussion, we affirm the district court's order granting partial summary judgment and the final order of judgment as a matter of law in favor of the County.

**AFFIRMED.**

---

[3] Because Santandreu has failed to suffer an adverse employment action, we need not address the district court's alternate ruling that Santandreu's retaliation claim is outside the scope of his EEOC charge.